[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14621
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-01757-RLV

TONY L. KIGHT,

Plaintiff-Appellant,

versus

IPD PRINTING & DISTRIBUTING, INC.,

Defendant,

R.R. DONNELLEY & SONS COMPANY,
f.k.a. IPD Printing Company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2011)

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Tony Kight, proceeding pro se, appeals the district court's denial of his motion for reconsideration following the grant of summary judgment in favor of R.R. Donnelley & Sons Company ("Donnelley") in his race discrimination suit filed pursuant to 42 U.S.C. § 2000e et seq. In May 2008, Kight filed a pro se Title VII complaint against Donnelley, alleging that he was unlawfully terminated based upon his race. On June 22, 2010, the district court granted summary judgment to Donnelley because Kight failed to establish a genuine issue of material fact that similarly situated employees outside the protected class were treated more favorably. On August 30, 2010, Kight filed a motion for reconsideration, which the district court denied as untimely under its local rules, and on the merits, because Kight failed to present any valid legal or factual reasons why the court's June 22, 2010, order should be reconsidered. On appeal, Kight presents numerous factual and evidentiary objections, contesting those relied upon by the district court, and offering his version of the events that transpired, but does not specifically address the district court's denial of his motion for reconsideration. After careful review, we affirm.[1]

---

[1]As noted, Kight objects on appeal to various facts and pieces of evidence that pertain to the district court's grant of the summary judgment motion. (See generally Blue Brief). However, because this Court dismissed Kight's previous appeal of the grant of summary judgment, we do

We review a district court's denial of a motion for reconsideration under Fed. R. Civ. P. 59(e) for abuse of discretion. Lambert v. Fulton Country, Ga., 253 F.3d 588, 598 (11th Cir. 2001). Local Rule 7.2E provides that motions for reconsideration shall not be filed as a matter of routine practice, but whenever a party believes it is absolutely necessary to file a motion to reconsider an order or judgment, the motion shall be filed with the clerk of court within 28 days after the entry of the order or judgment. LR7.2E, N.D. Ga. In addition, a Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e). The only grounds for granting a Rule 59(e) motion are the submission of newly-discovered evidence or the demonstration of manifest error. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). It is well settled that a legal claim or argument that has not been briefed is deemed abandoned and its merits will not be addressed. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004). And although we read pro se briefs liberally, "issues not briefed on appeal by a pro se litigant are deemed

---

not consider these arguments, and only address his appeal of the motion for reconsideration.

3

abandoned." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (citations omitted).

In this appeal, Kight has abandoned all issues because he has failed to set forth any arguments related to the order denying his motion for reconsideration. See Access Now, Inc., 385 F.3d at 1330. Even if Kight had not abandoned all issues, the district court was correct in finding that Kight's motion was untimely not only pursuant to Local Rule 7.2E, but also under Federal Rule of Civil Procedure 59(e), because it was filed 41 days after the July 20, 2010, deadline. LR 7.2E, N.D. Ga.; Fed.R.Civ.P. 59(e). Additionally, the district court properly denied the motion on the merits. Kight merely attempted to relitigate old matters and presented evidence that could have been raised prior to the entry of judgment. Michael Linet, 408 F.3d at 763. Therefore, the district court did not abuse its discretion in denying Kight's motion for reconsideration. Accordingly, we affirm.

**AFFIRMED.**